

Park 80 West-Plaza One   (201) 845-9600 Main
250 Pehle Avenue   (201) 845-9423 Fax
Suite 401
Saddle Brook, NJ 07663

*Attorneys at Law*   njlawfirm.com

Walter M. Luers, Esq.
wml@njlawfirm.com

June 13, 2024

**VIA CM/ECF**
Hon. Zahid N. Quraishi, U.S.D.J.
United States District Court for the
District of New Jersey
U.S. Courthouse
402 E. State Street, Courtroom 4W
Trenton, New Jersey 08608

**RE:** **Mazo v. Durkin, et al.**
**Docket No. 3:20-cv-08336-ZNQ-TJB**
**Our File No. 40596-1**

Dear Judge Quraishi:

We represent Plaintiff Gene Mazo in the above-referenced action and we write in response to Defendant Tahesha Way's pre-motion letter. The Court should decline to entertain Defendant Way's motion for summary judgment at this time because discovery is not complete.

While we understand that through her agents Defendant Way has certified that she plays no role "in the creation of an election ballot or the placement of candidates on the ballot, either bracketed or not bracketed with other candidates," Defendant Tahesha Way's February 21, 2024 Answers to Plaintiff's First Set of Interrogatories, Response to Interrogatory No. 6, this fact issue is disputed.


njlawfirm.com

In the May 16, 2024 certified interrogatory responses of Defendant Durkin, he stated that the certifications for candidates for United States Congress "come from the State of New Jersey, and this process falls outside the purview of the Essex County Clerk's Office" and that decisions to "deny such requests would have been determined by the State of New Jersey, not the Essex County Clerk's Office."  (Defendant May 16, 2024 Christopher J. Durkin's Responses to Plaintiff's Interrogatories, Response to Interrogatory No. 7).  In addition, that "any denial of authorized slogans or brackets would have come from the State of New Jersey, not from the Essex County Clerk's Office" and that the Essex County Clerk's Office "processes bracketing requests based on official certification lists from the State of New Jersey."  (Id., Response 5).

Based on the foregoing information, there is at least a fact question regarding the scope of Secretary Way's duties regarding bracketing and ballot positioning.  The interrogatory responses we have received are terse, and must be amplified through the use of depositions.

We take this position after having several written communications with Defendant Way's counsel and one Zoom meeting that involved several attorneys from the Attorney General's



Office.  We have tried to work out a mutually agreeable way for Way to exit this case, but so far have been unable to do so.

For these reasons, we request that Defendant Way's request for leave to file a dispositive motion be denied at least until depositions are completed.

                                  COHN LIFLAND PEARLMAN
                                   HERRMANN & KNOPF LLP
                                  Attorneys for Plaintiff
                                  Gene Mazo

                              BY:  /s/ Walter M. Luers
                                    Walter M. Luers, Esq.
                                    A Member of the Firm

cc:   Counsel of Record