# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EUGENE MAZO,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>CHRISTOPHER DURKIN, in his official capacity as Essex County Clerk, et. al.,<br><br>　　　　　Defendants. | Civil Action No.: 3:20-cv-08336 (ZNQ)(TJB) |

## BRIEF OF DEFENDANT CHRISTOPHER DURKIN
## IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR LACK OF
## SUBJECT MATTER JURISDICTION

**GENOVA BURNS LLC**
494 Broad Street
Newark, New Jersey 07120
Tel: (973) 533-0777
*Attorneys for Defendant Christopher Durkin*

<u>Of counsel and on the brief:</u>
Angelo J. Genova, Esq.
Daniel A. Lebersfeld, Esq.

<u>On the brief:</u>
Katherine Szabo, Esq.
Daniel A. Lebersfeld, Esq.

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...........................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ...............................2

ARGUMENT ........................................................................................................5

   I.  PLAINTIFF'S THIRD AMENDED COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF'S CLAIMS ARE MOOT ..........................................5

      A. Standard of review................................................................................5

      B. The State's enactment of a revised office block ballot design moots Plaintiff's claims.................................................................................6

      C. The Essex Clerk's Settlement Agreement in *Kim v. Hanlon* also moots Plaintiff's claims.........................................................................9

CONCLUSION...................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Arizonans for Official English v. Arizona*,
  520 U.S. 43 (1997) ...................................................................................................7

*Berkshire Fashions, Inc. v. M.V. Hakusan II*,
  954 F.2d 874 (3d Cir. 1992) ....................................................................................6

*Black United Fund of New Jersey, Inc. v. Kean*,
  763 F.2d 156 (3d Cir. 1985) ....................................................................................7

*Brown v. Philadelphia Housing Auth.*,
  350 F.3d 338 (3d Cir. 2003) ....................................................................................5

*Burkey v. Marberry*,
  556 F. 3d 142 (3d Cir. 2009) ................................................................................6, 7

*Constitution Party of Pa. v. Aichele*,
  757 F.3d 347 (3d Cir. 2014) ....................................................................................6

*County of Los Angeles v. Davis*,
  440 U.S. 625 (1979) .................................................................................................5

*Envtl. Conservation Org. v. City of Dallas*,
  529 F.3d 519 (5th Cir. 2008) .................................................................................10

*GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*,
  888 F.3d 29 (3d Cir. 2018) ......................................................................................6

*Hudson v. Robinson*,
  678 F.2d 462 (3d Cir. 1982) ....................................................................................9

*Kim v. Hanlon*,
  99 F.4th 140 (3d Cir. 2024) ................................................................................3, 4

*Kremens v. Bartley*,
  431 U.S. 119 (1977) .................................................................................................7

*Lewis v. Continental Bank Corp.*,
    494 U.S. 472 (1990) ..................................................................................................6

*Massachusetts v. Oakes*,
    491 U.S. 576 (1989) ..................................................................................................7

*Spencer v. Kemma*,
    523 U.S. 1 (1998) ......................................................................................................7

## **RULE**

Fed. R. Civ. P. 12(h)(3) ......................................................................................................5

Defendant Christopher Durkin in official capacity as Clerk of Essex County ("Defendant" or the "Essex Clerk") respectfully submits this brief in support of his motion to dismiss Plaintiff's Third Amended Complaint for lack of subject matter jurisdiction.

## PRELIMINARY STATEMENT

Plaintiff Eugene Mazo ("Plaintiff" or "Mazo"), a former Democratic candidate for U.S. Congress in New Jersey's Tenth Congressional District, initiated this action on July 6, 2020, against the County Clerks for Essex, Hudson, and Union Counties, as well as New Jersey Secretary of State Tahesha Way.[1] Since first filing this case on July 6, 2020, Plaintiff has amended his pleading three times. The Third Amended Complaint, filed on February 21, 2023, alleged that New Jersey's design for primary election ballots pursuant to *N.J.S.A.* 19:49-2 (the "Ballot Design Statute"), which directed that candidates endorsed by county political parties be "bracketed" together, violated the First Amendment, the Fourteenth Amendment, the Elections Clause, the Qualifications Clause, and Article I, §2 of the United States Constitution by providing those bracketed candidates with preferential ballot positions. Plaintiff purported to seek injunctive relief and a declaration that New Jersey's Ballot Design Statute is unlawful. Plaintiff's Third Amended Complaint and requested relief, however, are now mooted by two relevant developments.

---

[1] Secretary of State Way was ultimately dismissed from this litigation on August 19, 2024.

1

Specifically, on October 11, 2024, the Court in *Kim, et al. v. Hanlon, et al.* dismissed plaintiffs' claims against the Essex Clerk with prejudice following the Court's approval of the parties' proposed settlement agreement and consent decree (the "Settlement Agreement"). *See* Certification of Daniel A. Lebersfeld, Esq. ("Lebersfeld Cert."), **Exhibit A**. The Settlement Agreement implements the exact relief Plaintiff here seeks and applies to Defendant's preparation of all future primary election ballots, and therefore resolves all claims raised by Plaintiff in this matter. Additionally, the New Jersey Legislature passed a bill amending the Ballot Design Statute to require an office block design be used in all future State primary elections (the "Revised Ballot Design Statute"). Governor Murphy signed the Revised Ballot Design Statute into law on March 6, 2025.

Both the approval of the Settlement Agreement in the *Kim* litigation and the enactment of the Revised Ballot Design Statute clearly render the Third Amended Complaint, and all of Plaintiff's claims contained therein, moot. Therefore, the Court must dismiss the Complaint for lack of subject matter jurisdiction.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

### The Complaints

On or about June 6, 2020, one day before the June 7, 2020 New Jersey primary election, Plaintiff filed his initial Complaint against defendant Clerks for Essex, Hudson, and Union Counties and Secretary of State Tahesha Way, who was later dismissed as a party. Complaint ¶¶ 15-18 (available at Dkt. 1); Consent Order (available at Dkt. 103). The operative complaint in this matter, the Third Amended

2

Complaint, was eventually filed on February 21, 2023 (available at Dkt. 66). In the Third Amended Complaint, Plaintiff claims that the Ballot Design Statute's structure for primary ballots, which called for candidate names to be placed in a grid of rows and columns not by office sought, but in order of names selected, unlawfully advantages bracketed candidates and disadvantages non-bracketed candidates by providing bracketed candidates with a preferential ballot draw. *See N.J.S.A.* 19:49-2; Third Amended Complaint, ¶ 9.

### *Kim v. Hanlon* Settlements

The claims made and relief requested in Plaintiff's Third Amended Complaint are identical to those raised by the plaintiffs in *Kim v. Hanlon*, No. 24-1098, U.S. Dist. LEXIS 57533 (D.N.J. February 26, 2024), in which Defendant and the two other defendant Clerks in this matter were named. In *Kim*, the Court granted a preliminary injunction that required, in part, the nineteen County Clerk defendants, including the defendants in this matter, to structure the 2024 democratic primary ballot by office sought, as opposed to columns and rows, and to conduct separate draws for ballot position for every office and candidate[2]. *See* Lebersfeld Cert., **Exhibit B**. This preliminary injunction was appealed to the Third Circuit; however, the Third Circuit ultimately refused to stay the preliminary injunction. *Kim v. Hanlon*, 99 F.4th 140, 161 (3d Cir. 2024).

---

[2] This method of ballot drawing will hereinafter be referred to as "block style" or "office block style."

3

Following the Third Circuit's refusal to stay the preliminary injunction, the nineteen clerk defendants named in *Kim* implemented block ballot style ballot designs for the Democratic Party withdrew their respective appeals. Several of the County Clerk defendants therein, including the Essex Clerk, subsequently reached settlement agreements with the plaintiffs in *Kim*. In his agreement with the *Kim* plaintiffs, Defendant agreed to ensure that all future primary ballots are designed in the office block style, as opposed to the bracketing grid system that was directed by statute previously. *See* Lebersfeld Cert., **Exhibit A**. Defendant also agreed to conduct entirely randomized ballot draws for future primary ballots, as opposed to determining ballot position based on brackets, to "[afford] each candidate for the same office an equal chance at obtaining the first ballot position." *Id*. These terms would be applied to all future primary ballots and candidates – not just those three plaintiffs in *Kim, et al. v. Hanlon, et al.* The Court ultimately approved this agreement unless and until a court of competent jurisdiction ruled that the settling county clerks lacked the authority to enter into the settlement or new legislation concerning the ballot design was enacted into law. *Id*. In the event any new legislation were to be "subject to an injunction or otherwise ruled invalid, then [the] Essex County Clerk will comply with this [Settlement Agreement]." *Id*.

**New Ballot Design Legislation**

Several months after Defendant reached an agreement with the *Kim* plaintiffs, on March 6, 2025, Governor Murphy signed legislation passed by the New Jersey

Legislature with respect to the ballot design for primary elections held in the State. In brief, the new law requires that primary election ballots be arranged in an office block style, with the order beginning with the highest federal offices under consideration and ending with political party offices. *See* Assembly Select Committee on Ballot Design Statement to Assembly, No. 5116.[3] The legislation allows for the placement of a slogan or endorsement next to or below the name of a candidate and permits candidates for the same office with multiple open seats to associate in the same office block. *Id.* The legislation specifically prohibits a design that separates a candidate from other candidates running for the same office. *Id.*

The new law therefore substantially codifies the terms of the settlement agreement that Defendant reached with the *Kim* plaintiffs, and replaces or reforms statutory provisions at issue in this lawsuit.

## ARGUMENT

**I. PLAINTIFF'S THIRD AMENDED COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF'S CLAIMS ARE MOOT**

**A. Standard of review**

Whether an action is moot goes to the Court's subject matter jurisdiction. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Brown v. Philadelphia Housing Auth.*, 350 F.3d 338, 340-41 (3d Cir. 2003). Fed. R. Civ. P. 12(h)(3) permits

---

[3] Available at https://www.njleg.state.nj.us/bill-search/2024/A5116/bill-text?f=A5500&n=5116_S1.

a party to move to dismiss for lack of subject matter jurisdiction at any time. *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 880 n.3 (3d Cir. 1992). A court's subject matter jurisdiction is subject to a "factual attack," which is "an argument that there is no subject matter jurisdiction because the facts of the case … do not support the asserted jurisdiction." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). To resolve a factual challenge, the "court may look beyond the pleadings to ascertain certain facts." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 35 (3d Cir. 2018). Ultimately, the plaintiff bears the burden of proof to establish that the Court has subject matter jurisdiction over the action. *See id.*

### B. The State's enactment of a revised office block ballot design moots Plaintiff's claims.

Under Article III of the United States Constitution, a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of the federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* Article III denies this Court of the:

> power to decide questions that cannot affect the rights of litigants before it, and confines it to resolving live controversies 'admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'
>
> [*Burkey v. Marberry*, 556 F. 3d 142, 148 (3d Cir. 2009) (quoting *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 241 (1937))].

Moreover, [t]he case or controversy requirement continues through ***all stages of federal judicial proceedings***, trial and appellate, and requires that parties have a personal stake in the outcome." *Burkey*, 556 F.3d at 148 (emphasis added) (citing *Lewis*, 494 U.S. at 477-478). Thus, "***throughout the litigation***, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable decision.'" *Spencer v. Kemma*, 523 U.S. 1, 7 (1998) (emphasis added) (quoting *Lewis*, 494 U.S. at 477)). That is, "[t]o qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997).

Consistent with the foregoing principles, both the United States Supreme Court and the Third Circuit have held that a case becomes moot when the case centers upon the constitutionality of a state statute that is either repealed or amended during the pendency of the matter. *See Massachusetts v. Oakes*, 491 U.S. 576, 582 (1989) (holding that the amendment of a law prohibiting nude photography of minors mooted First Amendment overbreadth challenge to a law); *Kremens v. Bartley*, 431 U.S. 119, 132 (1977) (holding that the repeal of a statute permitting involuntary commitment of juveniles mooted challenge to statute); *Black United Fund of New Jersey, Inc. v. Kean*, 763 F.2d 156, 160 (3d Cir. 1985) (holding that a challenge to a New Jersey statute permitting voluntarily payroll deductions for charitable contributions to only a specified charitable organization became moot

7

when New Jersey amended the statute to permit contributions to other organizations).

Plaintiff's allegations in the Third Amended Complaint are based entirely on the alleged unconstitutionality of the Ballot Design Statute, which is no longer the law in New Jersey. Specifically, as to Count I, Plaintiff alleges that the Ballot Design Statute violates the First and Fourteenth Amendments' Protection for the Freedom of Association by providing candidates who choose not to bracket, or associate, with other candidates inferior ballot positions. *See* Third Amended Complaint ¶ 148. Count II alleges a violation of Article I, § 2 of the United States Constitution based on New Jersey political parties' ability, provided by the Ballot Design Statute, to endorse candidates and encourage bracketing, which Plaintiff claims interferes with New Jersey citizens' right to vote. *See id*. ¶¶ 162-163. Plaintiff's claims related to the Qualifications Clause of the United States Constitution, outlined in Count III, are also predicated on the Ballot Design Statute, as Plaintiff alleges that New Jersey's Ballot Design Statute "imposes an additional qualification that a candidate running for the U.S. House of Representatives must meet, which is to bracket with other candidates on the ballot." *Id*. ¶ 172. Count IV asserts that the Ballot Design Statute violates the Elections Clause of the United States Constitution because "the ballot bracketing system dictates electoral outcomes in the state." *Id*. ¶ 194. Finally, Count V incorporates the alleged violation of these Constitutional rights via the

8

administration of "an unlawful ballot bracketing system" into a claim for civil rights violations under 42 U.S.C. § 1983. *Id.* ¶ 200.

Plaintiff outlines potential remedies for these alleged violations in his Third Amended Complaint. He highlights drawing candidates for the same office randomly and ensuring names on the ballot are organized under elected office as ways to guarantee that "each candidate running" has "an equal chance of obtaining favorable ballot position" and that "the state does not privilege the associational rights of some candidates over those of others." *Id.* ¶¶ 124-125. Plaintiff claims that these ballot design methods "ensure an equal political playing field." *Id.* ¶ 126. That is exactly what the Revised Ballot Design Statute accomplishes.

The Ballot Design Statute that is the foundation and focus of Plaintiff's Third Amended Complaint is no longer the law. Indeed, the Revised Ballot Design Statute signed by Governor Murphy on March 6, 2025 implements the very mechanisms that Plaintiff believes would resolve any and all Constitutional violations he alleges. With the passage of the Revised Ballot Design Statute, there is no longer an Article III justiciable controversy between the Plaintiff, on the one hand, and the Essex Clerk, on the other. Accordingly, Plaintiff's Third Amended Complaint should be dismissed for lack of subject matter jurisdiction.

    **C.    The Essex Clerk's Settlement Agreement in *Kim v. Hanlon* also moots Plaintiff's claims.**

When a defendant "discontinue[s] challenged activities…the case is moot if there is no reasonable expectation that the wrong will be repeated." *Hudson v.*

9

*Robinson*, 678 F.2d 462, 465 (3d Cir. 1982). When the cessation of these allegedly unlawful actions is not just voluntary, but is underpinned by a court-approved consent decree, the plaintiff bears the burden of proving to the court that there is a "realistic prospect that the violations alleged in its complaint will continue notwithstanding the consent decree" to avoid dismissal on the grounds of mootness. *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 529 (5th Cir. 2008).

Plaintiff's claims against the Essex Clerk relate to Defendant's conduct on April 9, 2020, the date on which each county clerk drew ballot positions for the June 2020 primary in accordance with their obligations under the Ballot Design Statute. *See* Third Amended Complaint ¶¶ 52-60. In following the requirements of state law to prepare the ballot, which mandated the order in which candidates had to be pulled for ballot positions, Plaintiff alleges that Defendant violated Plaintiff's constitutional rights. *See id.* ¶ 60. Specifically, Plaintiff complains that Defendant drew ballot positions among bracketed slates of candidates first, followed by unbracketed candidates. *See id.* ¶¶ 53, 57. As discussed above, this method of ballot design is no longer directed by law. Additionally, Defendant already agreed to cease following this method of ballot design for all future primary election ballots through the Settlement Agreement reached in *Kim v. Hanlon*, and the Court Order approving same. *See* Lebersfeld Cert., **Exhibit A**.

That Court-approved Settlement Agreement, prior to being superseded by the amended ballot design statute, required Defendant to conduct all future primary

10

ballot draws via separate drawings for every office and candidate such that "every candidate running for the same office has an equal chance at the first ballot position." *Id*. It likewise required Defendant to use a "single primary election ballot for all voters…that is organized by office sought (commonly known as "office-block ballot,") rather than by column or row, and which implements…a randomized ballot order system…which affords each candidate for the same office an equal chance at obtaining the first ballot position." *Id*. And, by its terms, the Settlement Agreement requires the Essex Clerk to use the office block design Plaintiff's Third Amended Complaint seeks in the event that any "new legislation is subject to an injunction or otherwise ruled invalid...." *Id*.

In sum, the terms of the Settlement Agreement address all of Plaintiff's allegations and incorporate the exact mechanisms that Plaintiff himself claimed are necessary to ensure a lawful and fair ballot draw process, even if the Revised Ballot Design Statute is enjoined or deemed invalid. *See* Third Amended Complaint ¶¶ 124-126. Defendant's future conduct is therefore guaranteed not only by the Revised Ballot Design Statute, but also by the terms of the Settlement Agreement, which each operate to reinforce Essex Clerk's obligation to use an office block design for primary election ballots and ensure that the former "bracket" design will not be reinstituted.  Accordingly, Plaintiff's Third Amended Complaint should be dismissed as moot for this additional reason.

## **CONCLUSION**

For all of the foregoing reasons, Defendant Christopher Durkin, in his official capacity as the Clerk of Essex County, respectfully requests that the Court dismiss with prejudice Plaintiff's Third Amended Complaint in its entirety for lack of subject matter jurisdiction.


Dated: April 25, 2025	Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Defendant*
*Christopher Durkin*

By: */s/ Angelo J. Genova*
Angelo J. Genova, Esq.
Daniel A. Lebersfeld, Esq.
Katherine Szabo, Esq.
494 Broad Street
Newark, New Jersey 07102
Tel: (973) 533-0777
agenova@genovaburns.com
dlebersfeld@genovaburns.com
kszabo@genovaburns.com